UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60200-BLOOM/Valle

NORTH ATLANTIC OPERATING COMPANY,
INC.; NATIONAL TOBACCO COMPANY, L.P.;
and BBK TOBACCO & FOODS, LLP, D.B.A.
HBI INTERNATIONAL,

    Plaintiffs,
v.

HAMMAD ENTERPRISES INC.; AMJAD
HAMMAD; FL 5019 LLC; CHILOGISTICS LLC;
JOHN DOE 1, A.K.A. IGNACIO/EGNACIO;
JOHN DOE 2, A.K.A. MARCELAS; JOHN DOE
3, A.K.A. HERMAN; and JOHN DOES 4 thru 10,
 inclusive

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Amjad Hammad and Hammad Enterprises, Inc.'s (together, "Defendants") Motion to Dismiss for Failure to Join Indispensable Parties, ECF No. [46] (the "Motion"), which seeks dismissal of this action under Rule 12(b)(7). Plaintiffs North Atlantic Operating Company, Inc. National Tobacco Company, L.P., and BBK Tobacco & Foods, LLP, D.B.A. HBI International (together, "Plaintiffs") filed a response, ECF No. [48] ("Response"). Defendants have not filed a reply and the deadline to do so has passed. The Court has carefully considered the Motion, all opposing submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

"Dismissal of an action pursuant to Fed. R. Civ. P. 12(b)(7), for failure to join a party under Fed. R. Civ. P. 19, is a 'two-step inquiry.'" *Raimbeault v. Accurate Mach. & Tool, LLC*,

302 F.R.D. 675, 682 (S.D. Fla. 2014) (citing *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279 (11th Cir. 2003)) (further citations omitted). "First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Id.* (quoting *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011)). "If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible." *Id.* (citing Fed. R. Civ. P. 19(a)(2); and *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012)). "If the absent party is not required, the litigation continues as is." *Id.* (citing *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007)). If the party is required and joinder is not feasible, the district court moves to the second inquiry, that is, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 683 (citing Fed. R. Civ. P. 19(b); and *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). The Court here need only consider the first inquiry, as Luis Maiz and Patricia Abarca's[1] presence in this action is not required under the Federal Rules.

"[A]n absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action." *Id.* at 682 (citing Fed. R. Civ. P. 19(a)(1); and *City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999)).

---

[1] The Motion refers to the absent party as both "Patricia Abarca" and "Patricia Ambarca."

Defendants contend that Plaintiff was required to join Luis Maiz and Patricia Abarca as defendants in this action. The Motion states:

> Complete and equitable relief among the parties cannot be accorded in the absence of Luis Maiz, and Patricia Ambarca, the true and current owners of Defendant corporations, Chilogistics LLC and FL 5019 LLC. A resolution in the instant action without Luis Maiz and Patricia Abarca would leave Amjad Hammad and Hammad Enterprises, Inc. subject to substantial risk of incurring inconsistent obligations.

ECF No. [46] at 3.

However, Defendants fail to provide any competent evidence to support their conclusory assertion that Luis Maiz and Patricia Abarca are the owners of Chilogistics LLC and FL 5019 LLC. Additionally, "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Compania Chilena De Navegacion Interoceanica, S.A. v. D.H.C. Trucking, Inc.*, No. 15-cv-22494, 2016 WL 1722425, at *4 (S.D. Fla. Apr. 29, 2016) (quoting *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014)). Defendants fail to establish how a separate litigation against Luis Maiz and Patricia Abarca could result in an order that would directly conflict with any order this Court could issue in this litigation. The Court finds that Defendants have failed to satisfy their burden of demonstrating that Luis Maiz and Patricia Abarca are indispensable parties to this action.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [46]**, is **DENIED**. Defendants Amjad Hammad and Hammad Enterprises, Inc. shall file their Answers to the Complaint **on or before April 18, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record