UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 19-60200-CIV-ALTMAN/HUNT

NORTH ATLANTIC OPERATING
COMPANY, INC.; NATIONAL TOBACCO
COMPANY, L.P.; AND BBK TOBACCO &
FOODS, LLP, D.B.A. HBI
INTERNATIONAL,

    Plaintiffs,
v.

HAMMAD ENTERPRISES INC., and
AMJAD HAMMAD,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Defendants' Motion to for Attorney's Fees, ECF No. 267.  The Honorable Roy K. Altman, United States District Judge, previously referred this Motion to the undersigned for a Report and Recommendation. *See* ECF No. 271; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the Reply, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be DENIED for the reasons stated below.

### BACKGROUND

Plaintiffs filed their complaint against Defendants and others on January 23, 2019, alleging multiple counts involving trademark and copyright infringement based on the alleged sale of counterfeit cigarette rolling papers.  The Parties now before the Court proceeded to trial on March 2, 2020, resulting in a jury verdict in favor of Defendants.

Defendants now seek attorneys' fees, alleging Plaintiffs committed errors in this case that justify such an award.

## ANALYSIS

Defendants here make two arguments. The first is that, as a prevailing party, they are entitled to reasonable attorneys' fees under the Lanham Act because this is an "exceptional case." The second is that they are entitled as prevailing parties to fees under the Copyright Act. Each argument will be addressed in order.

I.   <u>Fees under the Lanham Act</u>

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C.A. § 1117(a). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014).[1] Courts have fairly broad discretion in finding what makes an "exceptional case." Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

---

[1] Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

2

Again citing the Copyright Act, the Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty,* 510 U.S. at 534).  Movants have the burden of demonstrating the exceptionality of their case by the preponderance of evidence.  *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

Defendants make several arguments as to why they believe this to be an exceptional case under the Lanham Act.  First, they argue the case is exceptional because Plaintiffs lacked standing to enforce certain trademarks at issue and had reason to know of the lack of standing.  Defendants point to a 1992 Distributorship Agreement which explicitly states that Plaintiff North Atlantic Operating Co., Inc. ("NAOC") was not an assignee of the relevant marks, and which did not include Plaintiff National Tobacco Co. ("NTC") as a party to the licensee agreement.  Defendants point out that Plaintiffs themselves acknowledged that NTC lacked standing to enforce the ZIG-ZAG trademarks at issue here.  Citing *Kratom Lab, Inc. v. Mancini,* No. 11-80987-CIV-MARRA, 2013 WL 3927838 at *5 (S.D. Fla. July 29, 2013*),* Defendants argue that Plaintiffs' attempt to enforce the trademarks despite the allegedly self-evident standing issue makes this an exceptional case.

Defendants further argue that Plaintiffs' litigation was unreasonable in that, given the standing issues, Plaintiffs nonetheless filed multiple counts against Defendants in an attempt to overwhelm Defendants.  Defendants also point out that there were "glaring"

factual issues that Plaintiffs should have been aware of prior to the commencement of this litigation. Specifically, Defendants note that "Plaintiffs were told repeatedly by Defendants that Defendants had no involvement in any alleged counterfeiting operation," and did not own any of the entities involved directly in alleged counterfeiting. ECF No. 267 at 6. Defendants further point out that Plaintiffs' own investigator had trouble connecting Defendants with the entities at which the purchases of counterfeit goods were made. Given Plaintiffs' pursuit of this case in the face of all the allegedly known deficiencies of the case, Defendants argue, this case qualifies as "exceptional," thus entitling Defendants to an award of fees and costs.

Plaintiffs respond by first pointing out that this Court found Plaintiffs' claims had at least some likelihood of success by granting a temporary restraining order, granting a preliminary injunction, denying Defendants' motion for summary judgment, and denying Defendants' motions to dismiss and for judgment as a matter of law. Plaintiffs contend that they had a good-faith basis for their litigation and did not litigate the case unreasonably. In support of this contention, Plaintiffs point to this Court's findings at the summary judgment stage that there was "evidence . . . which strongly suggest[s] that the Defendants had a security interest in the counterfeit goods," as well as business cards and vehicles bearing Defendants' name found at the warehouse where the counterfeit goods were stored. ECF No. 272 at 10. Plaintiffs also point to the Court's finding that "[t]he evidence is plainly sufficient to find that Hammad Enterprises Inc. was the entity that was distributing [the] counterfeit products" in denying Defendants' Motion for Judgment. ECF No. 272 at 10. In so finding, Plaintiffs note that the Court pointed to significant evidence, including Defendants' name on business cards and vehicles, as well

4

as invoices indicating Defendants' involvement found at the aforementioned warehouse. Ultimately, Plaintiff argues, their good-faith belief that their claims were meritorious was corroborated by the Court throughout the litigation.

Plaintiffs further argue that their litigation was not unreasonable and falls far short of the substantial litigation misconduct often required for exceptional cases. Plaintiffs point to their record of two depositions, 18 interrogatories and 46 requests for production as evidence of their reasonableness.

Finally, Plaintiffs argue that their good-faith belief that they had standing to sue regarding the ZIG-ZAG trademark, though ultimately erroneous, does not make this case exceptional under the Lanham Act. Plaintiffs point to both case law and the licensing agreement as evidence that their standing belief was not unreasonable. Plaintiffs further argue that Defendants' late-stage challenge to standing does not render the previous belief—or Plaintiffs' litigation on behalf of that belief—unreasonable.

A review of the docket demonstrates the truth of Plaintiffs' arguments. As they point out, this Court on multiple occasions found that Plaintiffs' claims were viable, and a review of the record not only supports the Court's findings, but also undermines Defendants' position that Plaintiffs pursued their case unreasonably. Ultimately, this was a hard-fought case that required jury determination. Although Defendants argue they had reasonable explanations for all the evidence against them, Plaintiffs were not required to take their word, and reasonably relied on ample evidence in their favor to bring this case before a jury. That the jury found in favor of Defendants does not mean that bringing the case was unreasonable, much less exceptional.

Regarding the standing issue, the undersigned disagrees that the lack of standing was self-evident.  Although the Court ultimately found in favor of Defendants, the issue was nonetheless close.  See ECF No. 234 1 at n.1. It was far from self-evident, and Plaintiffs reasonably believed they had standing to pursue their particular claims. Accordingly, the undersigned would not award Defendants fees based on this point. As for NTC's part in this claim, the undersigned finds this is better addressed in the context of the Copyright Act in Part II below.

II. <u>Fees under the Copyright Act</u>

Under 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  "Prevailing plaintiffs and prevailing defendants are to be treated alike."  *Fogerty*, 510 U.S. at 534.  However, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–437 (1983)).

Defendants here mostly stand on their arguments regarding awards under the Lanham Act, noting that the parties have stipulated that under the Copyright Act exceptionality need not be shown.  Defendants do, however, strenuously contend that Plaintiffs' copyright infringement claim on behalf of NTC was objectively unreasonable, thereby entitling Defendants to an award.  Defendants cite the notion that "[i]f a copyright claim is clearly without merit or otherwise patently devoid of legal or factual basis, that

6

claim ought to be deemed objectively unreasonable, and an award of fees and costs is then proper." *Professional LED Lighting, Ltd. v. Aadym Technology,* 88 F.Supp. 3d 1356, 1375-76 (S.D. Fla Feb 18, 2015) (internal quotation omitted).

Plaintiffs respond that merely winning a copyright case does automatically entitle a prevailing party to fees. So long as a claim is colorable and furthers the goals of the Copyright Act, Plaintiffs argue, fees should not be awarded. Plaintiffs ultimately argue four points: 1) the copyright claim at issue comports with the purpose of the Copyright Act; 2) Plaintiffs had a good-faith basis for bringing the claim; 3) Defendants' own conduct augurs against fees; and 4) Plaintiffs' claims were not brought in bad faith.

For all the reasons outlined regarding the reasonableness of Plaintiffs' claims under the Lanham Act, the undersigned finds that Plaintiffs did have a good-faith basis for bringing a colorable claim under the Copyright Act. It is unquestioned that counterfeit items were sold from a premises that Plaintiffs could reasonably believe was owned and operated by Defendants. This case concerned potential successful claims, was hard fought on both sides, and a jury decided in favor of Defendants. The undersigned finds that, given the facts and circumstances of this case, this is not a situation where the Court should exercise its discretion to award fees.

Regarding the standing issue, Defendants consistently point to ECF No. 224 at 1, which states that "Plaintiffs do not oppose Defendants' Motion with regard to NTC's standing under 15 U.S.C. § 1114 and the Copyright Act. Plaintiffs do not seek a double recovery as to those claims." Defendants appear to see this as an admission that Plaintiffs' litigation on behalf of NTC was patently unreasonable. However, the context in which that so-called admission occurs is in Plaintiffs' argument that Plaintiff NAOC's

7

exclusive licensing agreement confers standing on NAOC. Thus, while Plaintiffs may have acknowledged NTC may not have standing under the Copyright Act, NAOC nonetheless still had a good-faith belief that their position as exclusive licensee conferred standing upon them.

As for whether NTC's inclusion in the copyright claim was *de facto* unreasonable, the undersigned finds it was not. It is well established that once standing has been found on a claim for one plaintiff, a court need not consider standing for other plaintiffs. *See ACLU of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.,* 557 F.3d 1177, 1195 (11th Cir.2009) ("Because Balzli has standing to raise those claims, we need not decide whether either of the organizational plaintiffs also has standing to do so."); *Jackson v. Okaloosa Cnty.,* 21 F.3d 1531, 1536 (11th Cir.1994) ("In order for this court to have jurisdiction over the claims before us, at least one named plaintiff must have standing for each of the claims."). Plaintiffs did not argue that NTC had standing, and in fact conceded the point when it was raised. However, given Plaintiffs' good-faith belief that at least one of them had standing, they need not be concerned that a single Plaintiff may not have had standing to raise a particular count.

Accordingly, Defendants' request for fees under the Copyright Act should also be denied.

Because the undersigned finds that no fees should be awarded, the arguments concerning the fee amounts Defendants request are not addressed.

## RECOMMENDATION

Based upon the foregoing, the undersigned hereby RECOMMENDS that Defendants' Motion for Attorney's Fees, ECF No. 267, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 22nd day of September 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record